IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COKIE JOE GOPSHES, JR.,

    Petitioner,

    v.

                          Civil Action No.:  DKC-24-854

CARLOS BIVENS, et al.

    Respondent.

**MEMORANDUM OPINION**

Petitioner Cokie Joe Gopshes, Jr. filed a Petition for Writ of Habeas Corpus.  ECF Nos. 1, 4, 5, 7 (the "Petition").  Respondent is Warden Carlos Bivens, who filed a Motion to Dismiss, asserting that the claims are moot.  ECF No. 18.  Mr. Gopshes' mail was returned to the court as undeliverable on May 12, 2026.  Consequently, the court entered a Show Cause Order on May 12, 2026.  ECF No. 21.  The court transmitted the Order to Mr. Gopshes at an address located in the record where Mr. Gopshes indicated he intended to reside upon his release.  *Id*.  More than twenty-eight (28) days have passed, and the court has received no response to the Show Cause Order from Mr. Gopshes.

No hearing is required.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2025); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons that follow, Respondent's Motion to Dismiss (ECF No. 18) will be granted and the Petition will be dismissed as moot.  A certificate of appealability will not issue.

## I.  Background

On January 9, 2014, Mr. Gopshes was sentenced in the Circuit Court for Anne Arundel County, Maryland for a probation violation on a prior charge of one count of theft between $10,000

and $100,000.  ECF No. 15-1.  He received a nine-year sentence to commence on September 28, 2015.  *Id*.  On February 26, 2016, Mr. Gopshes was sentenced in the Circuit Court for Howard County, Maryland to fifteen years imprisonment for theft in excess of $100,000.  ECF No. 15-3.  The sentence was ordered to be served concurrent to all unserved sentences.  *Id.*  On March 16, 2016, Mr. Gopshes was sentenced in the Circuit Court for Baltimore County, Maryland to fifteen years imprisonment for theft between $10,000 and $100,000.  ECF No. 15-5.  The sentence was ordered to be served concurrent to all Maryland sentences.  *Id.*  According to the Department of Public Safety and Correction Services' Time Credit Record, Mr. Gopshes' release date was calculated to be February 14, 2025.  ECF No. 15-6.

Mr. Gopshes filed his federal habeas corpus petition on March 22, 2024.  ECF No. 1.  Mr. Gopshes made several different allegations among his filings.  ECF Nos. 1, 4, 5, 7.  On March 9, 2024, Mr. Gopshes was advised by the court that the only allegations appropriate for habeas relief concerned his sentence calculation and he was ordered to amend his petition on the proper forms.  ECF No. 6.  Mr. Gopshes complied, alleging that his sentence was not properly calculated because he did not receive credit for time served during pretrial detention.  ECF Nos. 7, 12.

On October 14, 2025, Respondent filed a Motion to Dismiss, arguing that Mr. Gopshes' Petition is moot because he was released from custody on February 21, 2025.  ECF No. 18.  An affidavit from Michelle Fowler, the Director of Commitment for the Maryland Department of Corrections, accompanies Respondent's motion.  ECF No. 18-2.

## II.    Discussion

Article III allows federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted).  Consequently, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided.  If intervening

factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983). A case no longer presents a justiciable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* Generally, the release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). In *Spencer v. Kemna*, 523 U.S. 1 (1998), the United States Supreme Court held that a challenge to parole revocation proceedings was moot because, following the petitioner's subsequent unconditional release from prison, his habeas petition no longer presented a case or controversy under Article III, § 2, of the Constitution. *Id.* at 14–16.

There are two exceptions to the mootness doctrine. *Leonard*, 804 F.2d at 842. Under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the petition challenges collateral consequences that continue after expiration of the sentence. *Id.* The "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Id.* (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

3

If a habeas petitioner challenges only his sentence or the revocation of his probation or parole, and his sentence expires while the habeas petition is pending, the petitioner must demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction"—to avoid dismissal on mootness grounds. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Mr. Gopshes has failed to identify any collateral consequences stemming from the alleged miscalculation of jail credits and his "requisite personal interest" in this litigation has evaporated. *United States v. Hardy*, 545 F.3d 280, 285 (4th Cir. 2008).

Mr. Gopshes' release prevents the court from providing him with any relief. Mr. Gopshes' claims do not challenge the validity of his conviction or his sentence as it was imposed. Ordering an earlier release date—which is the only relief this court can grant as to his jail credit claim— would be of no benefit to Mr. Gopshes now that he has been released. If release from prison deprives the court of the power to act on the petitioner's claim, the federal habeas corpus petition is moot. *Spencer*, 523 U.S. at 18.

The second exception to the general mootness doctrine, met when there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again, is likewise not applicable to this claim. *Leonard*, 804 F.2d at 842. As Mr. Gopshes has been released from custody, there is no reasonable expectation that he will face the same set of circumstances in the future. *See O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) ("[W]e are ... unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction....").

Mr. Gopshes' Petition is now moot, and neither exception to the general mootness doctrine applies. Mr. Gopshes has already received the only relief that this court could grant when he was released from custody on February 21, 2025.

## III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684-685 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Mr. Gopshes has not demonstrated that a certificate of appealability is warranted, and so the court shall not issue it. Mr. Gopshes may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## IV.    Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 18) will be GRANTED and the court will dismiss Mr. Gopshes' petition for writ of habeas corpus as moot. The court also declines to issue a certificate of appealability. A separate Order follows.

June 30, 2026
Date

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge